WELLINGTON RINDOE, Appellant, v. THE MORRIS PLAN INDUSTRIAL BANK OF NEW YORK, Respondent.— Appeal from judgment dismissing the complaint and bringing up for review an order granting defendant's motion for judgment on the pleadings and also an order granting defendant's motion for summary judgment. Judgment and orders unanimously affirmed, with costs. No opinion. Present — Martin, P. J., McAvoy, O'Malley, Townley and Glennon, JJ.

In the Matter of CHARLES E. CORR, an Attorney.— Reference ordered. Present — Martin, P. J., McAvoy, O'Malley, Townley and Dore, JJ.

WILLIAM K. LANMAN, Trustee of the Estate of HARRIET S. LANMAN, Deceased, Respondent, v. RALPH H. DICK, Appellant.— Action for rent due under a written lease. Judgment entered on a directed verdict in favor of plaintiff, after trial at Trial Term without a jury, unanimously affirmed, with costs. No opinion. Present — Martin, P. J., O'Malley, Untermyer, Dore and Cohn, JJ.

TENEMENT RENOVATION CONTRACTING CO., INC., Appellant, v. CENTRAL HANOVER BANK & TRUST COMPANY, Respondent.— The amended complaint alleges that defendant wrongfully paid six checks drawn by Howard Kappler, president and treasurer of plaintiff, to his own order, against plaintiff's deposit account with defendant, which checks had not been countersigned by plaintiff's vice-president as required by a resolution of its board of directors filed with defendant. Judgment entered on the verdict of a jury in favor of defendant, after trial at Trial Term, unanimously affirmed, with costs. No opinion. Present — Martin, P. J., O'Malley, Untermyer, Dore and Cohn, JJ.

JOHN LAIMBEER, Appellant, v. HOLMES ELECTRIC PROTECTIVE CO., Respondent. Plaintiff-appellant was a member of the Eightieth Street Association, an unincorporated association composed of residents of Eightieth street in the block between Madison and Park avenues, New York city. Said association had entered into a written contract with the defendant, whereby the defendant was required to furnish "a watchman in connection with the premises known as 80th Street between Madison and Park Avenues, each and every night from 8 P. M. to 6 A. M." On April 9, 1930, at about 9:15 P. M., while the agreement was in force, plaintiff was assaulted by one or more thugs on the sidewalk of the street, almost opposite his residence at 50 East 80th street. On the trial plaintiff relied solely upon the second cause of action which was to recover $100,000 for negligence in failing to furnish a competent watchman. The complaint was dismissed at the close of plaintiff's case. Judgment in favor of defendant unanimously affirmed, with costs. No opinion. Present — Martin, P. J., O'Malley, Untermyer, Dore and Cohn, JJ.

In the Matter of the Application of MICHAIL EITINGON to Confirm the Award Made in Arbitration Proceedings between MICHAIL EITINGON, Appellant, and MOTTY EITINGON, Respondent, under an Agreement to Submit to Arbitration, Dated July 2, 1935. In the Matter of the Arbitration between MICHAIL EITINGON, Appellant, and MOTTY EITINGON, Respondent.— Order granting respondent's motion to vacate an arbitration award unanimously affirmed, with costs and disbursements. Appeal from order denying petitioner's motion to confirm award dismissed. No opinion. Present — Martin, P. J., O'Malley, Untermyer, Dore and Cohn, JJ.